RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK

DATE __11_/_2_/_11__

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION


UNITED STATES OF AMERICA

CIVIL ACTION
SECTION "P"
1:10-CR-00119

VERSUS


DIANTE ROMAN DIXON

JUDGE DEE D. DRELL
MAGISTRATE JUDGE JAMES D. KIRK


REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE


Before the court is a motion to vacate, set aside or correct sentence filed pursuant to 28 U.S.C. § 2255 by petitioner Diante Roman Dixon ("Dixon") on July 27, 2011 (Doc. 22). Dixon is challenging his 2010 conviction, entered pursuant to a guilty plea, on one count of conspiracy to possess cocaine. Dixon was sentenced to 270 months imprisonment and is presently incarcerated in the Morehouse Parish Correctional Center ("MPCC") in Collinston, Louisiana. Dixon did not appeal his conviction.

Dixon raises the following grounds for relief in his Section 2255 motion:

> 1. Dixon's attorney failed to rebut the enhancement of Paragraph 30 of the presentence report, which characterizes him as having been convicted of a prior crime of violence, thereby making him a career criminal, when in fact the offense was only a simple burglary and not a crime of  violence.

2. Dixon's sentence was unlawfully enhanced because simple burglary is not a crime of violence.

This motion is before the undersigned Magistrate Judge for initial review.  See 28 U.S.C. § 2255 and Rule 4(b) of the Federal Rules Governing Section 2255 Proceedings For the United States District Courts, which states in part, "If it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified.  Otherwise, the judge shall order the United States Attorney to file an answer or other pleading within the period of time fixed by the court or to take such other action as the judge deems appropriate."

## Rule 8(a) Resolution

This court is able to resolve the merits of this Section 2255 application without the necessity of an evidentiary hearing because there is no genuine issue of material fact that is relevant to the claims of the petitioner, and the State court records provide the required and adequate factual basis necessary to the resolution of the Section 2255 application.  U.S. v. Green, 882 F.2d. 999, 1008 (5th Cir. 1989); Section 2255 Rule 8(a).

## Law and Analysis

### The Law of §2255 Actions

In the case at bar, Dixon did not appeal his conviction and

2

sentence.    Relief  under  28  U.S.C.  §  2255  is  reserved  for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. Nonconstitutional claims that could have been raised on direct appeal, but were not, may not be asserted in a collateral proceeding.  U.S. v. Vaughn, 955 F.2d 367, 368 (5th Cir. 1992). Also, U.S. v. Ressler, 54 F.3d 257, 259 (5th Cir. 1995).  A collateral challenge may not do service for an appeal.  After conviction and exhaustion and waiver of any right to appeal, the federal courts are entitled to presume that the defendant stands fairly and finally convicted.  U.S. v. Shaid, 937 F.2d 228, 231-32 (5th Cir. 1991), cert. den., 502 U.S. 1076, 112 S.Ct. 978 (1992). Even if a defendant raises a constitutional error, he may not raise an issue for the first time on collateral review without showing both  cause  for  his  procedural  default  and  actual  prejudice resulting from the error.  U.S. v. Mimms, 43 F.3d 217, 219 (5th Cir. 1995), and cases cited therein.

The  cause  and  prejudice  test,  however,  does  not  apply  to claims of ineffective assistance of counsel which are ordinarily brought for the first time on collateral review.  U.S. v. Gaudet, 81 F.3d 585, 589 n.5 (5th Cir. 1996), citing U.S. v. Pierce, 959 F.2d 1297, 1301 (5th Cir. 1992).  Also, U.S. v. Acklen, 47 F.3d 739, 742 (5th Cir. 1995).

Dixon's Sentence

Dixon contends he had ineffective assistance of counsel because his attorney failed to rebut the enhancement of Paragraph 30 of the presentence report, which characterizes him as having previously been convicted of a crime of violence, thereby making him a career offender, when in fact the offense was only a simply burglary and not a crime of violence. Dixon also contends he was erroneously found to be a career offender through improper use of his prior simple burglary conviction.

To establish that his legal representation at trial fell short of the assistance guaranteed by the Sixth Amendment, a convicted defendant must meet the two-pronged test set forth by the Supreme Court in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). He must show that his counsel's performance was both deficient (i.e., that counsel did not provide reasonably effective assistance under prevailing professional norms) and prejudicial (i.e., that errors by counsel "actually had an adverse effect on the defense). The former component of the test authorizes only "highly deferential" judicial scrutiny, requiring the defendant to overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy. On the latter component, it is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding; rather, he must demonstrate a

4

reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Anderson v. Collins, 18 F.3d 1208, 1215 (5th Cir. 1994), and cases cited therein.  Also, U.S. v. Segler, 37 F.3d 1131, 1136 (5th Cir. 1994).

In showing he was rendered ineffective assistance of counsel in regard to his sentence, Dixon must additionally show that there was a "reasonable probability that but for trial counsel's errors the defendant's non-capital sentence would have been significantly less harsh; relevant factors are the defendant's actual sentence, the potential minimum and maximum sentences that could have been received, the placement of the actual sentence within the range of potential sentences, and any relevant mitigating or aggravating circumstances.  U.S. v. Segler, 37 F.3d at 1136.

Dixon's attorney filed objections to his presentence report which included an objection to the use of the simple burglary conviction to establish his career offender status, and those objections were considered by the court prior to sentencing.[1]

Pursuant to United States Sentencing Guideline ("USSG") § 4B1.1(a), "[a] defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of

---

[1] The unofficial transcript of Dixon's sentencing was reviewed.

conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) *the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.*"

Dixon cannot show that, but for the allegedly improper use of his simple burglary conviction, he would not have been found to be a career offender and his sentence would not have been enhanced. Dixon's criminal history included six prior final felony drug convictions, which met the requirements for the career offender classification even without considering the simple burglary conviction.[2]  Therefore, even if Dixon were to prevail on his argument, he would still be classified and sentenced as a career offender.

Dixon has not shown he had ineffective assistance of counsel at sentencing or that he was improperly classified as a career offender.  These grounds for relief are meritless.

<u>Conclusion</u>

Based on the foregoing discussion, IT IS RECOMMENDED that Dixon's Section 2255 motion be DENIED AND DISMISSED WITH PREJUDICE.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file

---

[2] Dixon committed the instant offense while he was on parole for his sixth drug offense conviction.

6

specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglass v. United Services Automobile Association,* 79 F.3d 1415 (5th Cir. 1996).

Pursuant to Rule 11(a) of the Rules Governing Section 2255 proceedings for the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. **Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue.** *See* 28 U.S.C. § 2253(c)(2). A courtesy copy of the memorandum shall be provided to the District

**Judge at the time of filing.**

THUS DONE AND SIGNED in Alexandria, Louisiana on the _____ day of November 2011.

_____
JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE

8